The Honorable Roger L. Rorie State Representative P.O. Box 136 Fox, Arkansas 72051-0136
Dear Representative Rorie:
This opinion is being issued in response to your recent question regarding the federal copyright laws. You have asked:
 Do schools risk litigation if teachers use copyrighted programs (specifically, video cassette recordings of movies, documentaries, and television broadcasts) for classroom instruction without first obtaining specific permission from the copyright owners?
The federal copyright laws provide that copyrighted materials may be used in certain instances without the copyright owner's permission. See, e.g.,17 U.S.C. § 107, § 110. Section 110 specifically addresses the question of classroom broadcasts, whereas Section 107 provides for a broader array of possible exempt circumstances. The issue of whether a user is entitled to claim an exemption from the requirements of the copyright laws under these sections usually involves both questions of fact and questions of law. See, e.g., Sega Enterprises Ltd. v. Accolade, Inc., 977 F.2d 1510
(9th Cir. 1992). Because the fact-intensive nature of such an inquiry requires a case-by-case evaluation, I am unable to opine conclusively in response to your question. Nevertheless, I am able to discuss the principles by which such an evaluation must be guided, and this may be of assistance to you in ascertaining the propriety of any copyright uses that may have given rise to your question.
The uses that you have referenced in your question may be governed by Section 110 of the copyright law, which states in pertinent part:
 Notwithstanding the provisions of section 106 [which set forth the parameters of the copyright owner's rights], the following are not infringements of copyright:
 (1) performance or display of a work by instructors or pupils in the course of face-to-face teaching activities of a nonprofit educational institution, in a classroom or similar place devoted to instruction, unless, in the case of a motion picture or other audiovisual work, the performance, or the display of individual images, is given by means of a copy that was not lawfully made under this title, and that the person responsible for the performance knew or had reason to believe was not lawfully made;
 (2) performance of a nondramatic literary or musical work or display of a work, by or in the course of a transmission, if —
 (A) the performance or display is a regular part of the systematic instructional activities of a governmental body or a nonprofit educational institution; and
 (B) the performance or display is directly related and of material assistance to the teaching content of the transmission; and
(C) the transmission is made primarily for —
 (i) reception in classrooms or similar places normally devoted to instruction, or
 (ii) reception by persons to whom the transmission is directed because their disabilities or other special circumstances prevent their attendance in classrooms or similar places normally devoted to instruction. . . .
17 U.S.C.A. § 110 (1) and (2).
If the uses that gave rise to your question can be shown to fit into the description set forth in Section 110, then the permission of the copyright owner is not necessary.
Permission is also not necessary if the copyrighted material is being used under one of the circumstances described in Section 107 of the copyright law. The use of materials under these circumstances is known as a "fair use."
The fair "use" exception states:
 Notwithstanding the provisions of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting, teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whither the use made of a work in any particular case is a fair use the factors to be considered shall include —
 (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
 (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
 (4) the effect of the use upon the potential market for or value of the copyrighted work.
 The fact that a work is unpublished shall not itself bar a finding of fair use if such finding is made upon consideration of all the above factors.
17 U.S.C.A. § 107. The United States Supreme Court has held that the above factors must be considered in determining whether a particular use constitutes a "fair use," although other factors may be considered as well. See Campbell v. Acuff-Rose Music, Inc., ___ U.S. ___.,114 S. Ct. 1164, 127 L.Ed.2d 500 (1994), on remand to 25 F.3d 297; Harper Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539
(1985).
The legislative history of the fair use exception indicates that much of the discussion in the committee hearings that led up to the passage of the exception centered around question of classroom reproduction of copyrighted materials. The interested parties met independently and formulated an agreement as to what should constitute permissible educational uses of copyrighted materials.[1] This agreement (which of course is not law) sets forth further guidelines to be considered in determining whether an educational use of copyrighted materials constitutes a "fair use." I have attached a copy of the full text of that agreement.
It should be noted that if a particular use of copyrighted materials is challenged in a civil proceeding and the user claims the benefits of the "fair use exception," the user has the burden of proving the applicability of the exception. Robinson v. Random House, 877 F. Supp. 830
(S.D.N.Y. 1995); Rubin v. Brooks/Cole Pub. Co., 836 F. Supp. 909 (D. Mass. 1993); Association of American Medical Colleges v. Mikaelian,571 F. Supp. 144 (D. Pa. 1983), aff'd 734 F.2d 6. The same rule would undoubtedly apply to a claim of any other exemption as well.
The uses of copyrighted materials that you referenced in your question may well be exempt from the requirements of the copyright laws under either Section 110 or Section 107. The various guidelines that are provided in the statutes and in related documentation will be the best source of information for use in evaluating the situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The parties who signed off on the agreement were the "Ad Hoc Committee of Educational Institutions and Organizations of Copyright Law Revision," the "Authors League of America, Inc.," and the "Association of American Publishers, Inc."